IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN SPRUILL,

       Plaintiff,

v.                                      No. Civ. 22-948-JCH-KRS

GEORGE GERVAIS and
VILLAGE OF MAXWELL,

       Defendants.

AND

GEORGE GERVAIS,

       Third-Party Plaintiff,

v.

UNITED STATES OF AMERICA and
UNITED STATES POSTAL SERVICE,

       Third-Party Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

This case arises out of a slip-and-fall incident that occurred on the icy walkway outside a United States Post Office building. Plaintiff John Spruill filed a negligence suit in state court against the owner of the property, Defendant George Gervais ("Gervais"), who then filed a third-party complaint against his tenants, the United States and United States Postal Service ("USPS"), for negligence and breach of contract in failing to remove the snow and ice from the sidewalks and driveway. After removal, Third-Party Defendants United States and the United States Postal Service (collectively, the "United States Defendants") filed a *Motion to Dismiss* (ECF No. 5),

arguing that Third-Party Plaintiff Gervais' claims against them must be dismissed for lack of subject matter jurisdiction. The United States Defendants assert that the claims are jurisdictionally barred by sovereign immunity and the doctrine of derivative jurisdiction. Gervais responds that this Court has subject matter jurisdiction over the claim, because the Postal Reorganization Act of 1970 waived the USPS's sovereign immunity and permitted claims against the USPS to be filed in state court. The Court, having considered the motion, pleadings, briefs, law, and otherwise being fully advised, concludes that the motion to dismiss must be granted.

### I.    BACKGROUND

John Spruill was walking outside the United States Post Office in Colfax County, New Mexico, when he slipped and fell on an icy walkway, resulting in injuries. (Compl. ¶¶ 8, 13-17, ECF No. 1-2 at 5-6 of 74.) He filed suit against Gervais, the owner of the building housing the Post Office, and the Village of Maxwell for negligence in failing to warn Plaintiff of the icy walkway and in failing to inspect and maintain the sidewalk and parking areas by removing ice and snow. (*See id.* at 4-7 of 74.) Gervais subsequently filed a Third-Party Complaint against the United States Defendants for (1) negligence, (2) breach of contract, (3) contribution, and (4) proportionate responsibility. (*See* Third-Party Compl., ECF No. 1-2 at 39-44 of 74.) According to the Third-Party Complaint, Gervais leased the property where the slip-and-fall occurred to the USPS, and the lease agreement specifically contained a clause that placed snow and ice removal duties on the USPS for the sidewalks, driveway, parking, and maneuvering areas where Mr. Spruill fell. (*See id.*, ECF No. 1–2 at 40-41 of 74; Lease Agreement, ECF No. 1-2 at 54 of 74.) The United States Defendants removed the case under § 1442(a)(1) and § 1446 and asserted that sovereign immunity applies and there has been no waiver of immunity (Notice of Removal, ECF No. 1.) They then filed this Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject

matter jurisdiction. (*See* Mot. to Dismiss, ECF No. 5.)

## II.    STANDARD OF REVIEW

Federal courts are of limited jurisdiction, so there is a presumption against jurisdiction. *Mineral Resources Intern. v. U.S. Dept. of Health and Human Services*, 53 F.3d 305, 307 (10th Cir. 1995). The party asserting jurisdiction is proper in federal court has the burden of proving subject-matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). On a facial attack, the court presumes the truth of the allegations in the complaint. *Id.* Here, the United States Defendants focus solely on the legal questions of sovereign immunity and derivative jurisdiction and do not dispute the underlying facts. The Court will thus accept the general allegations in the complaint as true in resolving this motion.

## III.   ANALYSIS

Section 1442(a)(1) permits the United States or any United States agency to remove an action against it in state court to a federal district court. 28 U.S.C. § 1442(a)(1). Congress gave agencies the power to remove so that the federal court may adjudicate questions concerning the scope of federal authority and immunity. *See City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 n.5 (6th Cir. 2007). Section 1442, however, cannot overcome other jurisdictional bars that prevent a district court from asserting jurisdiction. *Id.* "The statute merely allows the federal government to remove a case to federal district court; it does not determine whether the court has jurisdiction to hear it." *State Engineer of State of Nevada v. South*

*Fork Band of Te-Moak Tribe of Western Shoshone Indians of Nevada*, 339 F.3d 804, 809 (9th Cir. 2003). No party here disputes that the United States Defendants properly removed the case under § 1442(a)(1); instead, they dispute whether sovereign immunity and the derivative jurisdiction doctrine compel dismissal for lack of subject matter jurisdiction.

A.     **The derivative jurisdiction doctrine applies to cases removed under § 1442**

"It has long been established that removal jurisdiction is purely derivative in nature." *Goodrich v. Burlington Northern R.R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983) (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)). In *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, the Supreme Court explained: "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." 258 U.S. 377, 382 (1922)). In other words, when a defendant removes a case under § 1442, the federal court may hear the plaintiff's claims only if the state court had jurisdiction to hear those claims. *Williams v. Perdue*, 386 F.Supp.3d 50, 53-54 (D.D.C. 2019).

The doctrine has received criticism, and in 1985 Congress amended the general removal statute by adding a new subsection, § 1441(e), to eliminate derivative jurisdiction for cases removed under § 1441. *Reynolds v. Behrman Capital IV L.P.*, 988 F.3d 1314, 1321 (11th Cir. 2021); *Bullock v. Napolitano*, 666 F.3d 281, 286 n.2 (4th Cir. 2012). In 2002, Congress again amended § 1441, redesignating § 1441(e) as § 1441(f), which now reads: "**Derivative removal jurisdiction.**—The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f) (italics added).

The majority of circuits to consider the continuing vitality of the derivative jurisdiction

doctrine have concluded that the federal courts' jurisdiction remains derivative of state courts' jurisdiction for cases removed under statutes other than § 1441. *See Reynolds*, 988 F.3d at 1321-22 (citing cases from sister circuits that continue to apply doctrine to cases removed under § 1442 for lack of subject matter jurisdiction, but concluding that doctrine does not apply when state court lacks personal jurisdiction over defendants); *Ricci v. Salzman*, 976 F.3d 768, 772-74 (7th Cir. 2020) (explaining that derivative jurisdiction doctrine remains applicable to removals under § 1442); *Conklin v. Kane*, 634 F. App'x 69, 73 (3d Cir. 2015) (same); *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350–51 (5th Cir. 2014) (same); *Bullock*, 666 F.3d at 286 (affirming order dismissing case under Rule 12(b)(1) under doctrine of derivative jurisdiction, because state court did not have subject-matter jurisdiction over plaintiff's Title VII claim against U.S. Secretary of Homeland Security, so neither did federal district court after Secretary removed action under § 1442(a)); *Goodrich*, 701 F.2d at 130 (holding that, where state court did not have jurisdiction over contribution and indemnification claims against Postal Service, federal court was therefore without jurisdiction upon removal). *But cf. North Dakota v. Fredericks*, 940 F.2d 333, 337 (8th Cir. 1991) (holding, before the 2002 amendments, that the "policy of Congress underlying new § 1441(e) supports the complete abandonment of the derivative-jurisdiction theory"). Regardless of the wisdom of the doctrine, under existing precedent, this Court is bound to apply the derivative jurisdiction doctrine in § 1442 removed cases. Accordingly, this Court must determine if the state court had jurisdiction over the claims set forth in the Third-Party Complaint. If it did, then this Court derived jurisdiction on removal. But if the state court lacked jurisdiction, then the Court must dismiss this case without prejudice.

**B.      State courts lacked jurisdiction over the claims asserted in the third-party complaint**

"It is well settled that the United States, as sovereign, is immune from suit except as it

consents to be sued and that the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action." *Boehme v. U.S. Postal Service*, 343 F.3d 1260, 1263 (10th Cir. 2003). In accordance with its constitutional prerogative, Congress "has waived the sovereign immunity of certain federal entities from the times of their inception by including in the enabling legislation provisions that they may sue and be sued." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). Such clauses should be liberally construed unless it can be shown that Congress plainly intended "to use the 'sue and be sued' clause in a narrow sense." *Id.* (quoting *FHA v. Burr*, 309 U.S. 242, 245 (1940)).

The USPS, as an independent establishment of the executive branch of the United States, enjoys federal sovereign immunity absent a waiver. *Dolan v. U.S. Postal Service*, 546 U.S. 481, 483-84 (2006). The Postal Reorganization Act of 1970 ("PRA") generally waived the USPS's sovereign immunity through its explicit inclusion of a "sue and be sued" clause in 39 U.S.C. § 401(1). *See id.* at 555-56; *Boehme*, 343 F.3d at 1263. *See also* 39 U.S.C. § 401(1) (1970) ("the Postal Service shall have the following general powers: (1) to sue and be sued in its official name…."). Although both parties here agree that the PRA waived sovereign immunity for the USPS, they disagree on the extent of that waiver.

Gervais argues that the PRA waived all sovereign immunity for the USPS, and that because he asserted only state law tort and contract claims against the United States Defendants, the state courts had jurisdiction over those claims. He relies on § 409(a) in arguing that the federal court's jurisdiction over his claims is not exclusive. On the other hand, the United States Defendants contend that the PRA's waiver of sovereign immunity for tort claims was limited by § 409(c), subjecting tort claims to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80, which in turn provides for exclusive jurisdiction in federal court. They additionally assert that

6

the federal courts or Court of Federal Claims have exclusive jurisdiction over contract claims against the United States and that the Court of Federal Claims has exclusive jurisdiction over contract claims against the USPS. The Court will begin its analysis with the tort claims.

### 1. Tort claims against the USPS and United States may only be pursued in federal court

The PRA generally endowed the federal district courts with "original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). "Although the Postal Reorganization Act generally 'waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,' the statute also provides that the FTCA 'shall apply to tort claims arising out of activities of the Postal Service,' § 409(c)." *Dolan*, 546 U.S. at 484 (internal citation omitted). *See also* 39 U.S.C. § 409(c) ("The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."). The FTCA "confers federal-court jurisdiction in a defined category of cases involving negligence committed by federal employees in the course of their employment" in 28 U.S.C. § 1346(b)(1). *Dolan*, 546 U.S. at 484. Section 1346(b)(1) grants the federal courts *exclusive* subject matter jurisdiction over such tort claims against the United States for money damages:

> Subject to the provisions of chapter 171 of this title, the district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, … for injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). *See also* 28 U.S.C. § 2679 ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by

this title in such cases shall be exclusive.")

Gervais, relying on § 409(a), argues that the federal courts do not have exclusive jurisdiction over his state common law "claims for indemnification, contribution, comparative fault, and breach of contract." (Gervais' Resp. 3, ECF No. 6.) Gervais, however, misunderstands that the doctrine of sovereign immunity precludes all suits against the United States and its agencies except for those claims for which it consents to suit. As the Tenth Circuit has explained, "§ 409(c) of the PRA limits the scope of the more general waiver of sovereign immunity contained in § 401(1), and that '[f]or state tort claims arising out of the activity of the Postal Service, § 409(c) compels the application of the FTCA and its attendant provisions." *Boehme*, 343 F.3d at 1263 (internal citation omitted). Thus, the only legal avenue through which Gervais may pursue a tort action against the United States is through the FTCA. *See id.* at 1262-66 (concluding that plaintiff's claim for unlawful detention against Postal Service sounded in tort, and was thus subject to FTCA); *In re: Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004) ("It is clear that the FTCA provides the exclusive avenue to bring a tort claim against the United States, notwithstanding other statutes that permit the government to be sued…."); *Lopez*, 749 F.3d at 351 ("The United States has waived its sovereign immunity to tort liability only under the FTCA, which grants exclusive jurisdiction over such claims to federal courts in 28 U.S.C. 1346(b)(1)."); *Goodrich*, 701 F.2d at 130 (explaining that negligence claim brought under FTCA "is within the exclusive jurisdiction of the federal district courts").

In support of their motion, the United States Defendants rely on *Goodrich*, in which the plaintiff, an employee for the USPS, sued two railroad companies for personal injuries arising from their alleged negligence. *See* 701 F.2d at 130. The railroads then filed a third-party complaint against the USPS under the FTCA for both indemnification and contribution, alleging that the

negligence of the USPS was the primary cause of the plaintiff's injuries. *Id.* The USPS removed to federal court and moved to dismiss the third-party complaint for lack of subject matter jurisdiction. *Id.* Citing the FTCA's jurisdictional provision, §1346(b), the Tenth Circuit concluded that, because the action against the USPS was within the exclusive jurisdiction of the federal courts, the state court from which the action was removed never possessed the authority to hear the railroad's FTCA claim against the USPS, and the third-party complaint had to be dismissed for lack of jurisdiction based on the doctrine of derivative jurisdiction. *See id.* at 130-31. That the application of derivative jurisdiction would frustrate judicial economy and Rule 14, which authorized the filing of third-party claims, could not overcome the lack of jurisdiction. *Id.*

Contrary to Gervais's argument, the holding of *Goodrich* compels the same conclusion here as to his tort claims against the United States Defendants. Gervais's negligence claim clearly is a tort claim subject to the FTCA. *See* 28 U.S.C. § 1346(b)(1). Gervais also asserts a claim for "proportionate responsibility" in which he alleges that if he is held responsible for damages, "the negligence of the United States Postal Service and/or United States of America be submitted in any jury charge in this case along with the negligence of all other parties." (Third-Party Compl. ¶ 19, ECF No. 1-2 at 43 of 74.) Whether this claim is one based on comparative fault or is for proportional indemnification, it arises in tort and is subject to the FTCA.[1] *See Safeway, Inc. v. Rooter 2000 Plumbing and Drain SSS*, 2016-NMSC-009, ¶ 18, 368 P.3d 389 (explaining that New Mexico "established a system of comparative fault which, rather than barring a plaintiff's recovery completely if the plaintiff was at fault, allows liability for damages to be split amongst negligent actors who contribute to a harm suffered"); *id.* ¶¶ 25-26 (stating that New Mexico adopted doctrine

---

[1] Gervais describes his claims in his response as "for indemnification, contribution, comparative fault, and breach of contract." (Gervais' Resp. 3, ECF No. 6.) In his Third-Party Complaint, he describes his claim interchangeably as "Proportionate Responsibility" or "for indemnification." (*See* Third-Party Compl. 5-6, ECF No. 1-2 at 43-44 of 74.)

of proportional indemnification, which "goes hand-in-hand with New Mexico's adoption of comparative fault," to allow for proration of liability among all those at fault where a defendant cannot raise the fault of a concurrent tortfeasor as a defense because of the plaintiff's choice of remedy). *See also McDermott, Inc. v. AmClyde*, 511 U.S. 202, 208–09 (1994) (addressing proportionate responsibility as a doctrine rooted in tort).

Gervais also asserts a claim for "Contribution," alleging that if he "is held responsible for damages allegedly suffered by Plaintiff," he "is entitled to contribution" from the United States Defendants "pursuant to New Mexico law." (Third-Party Compl. ¶ 18, ECF No. 1-2 at 43 of 74.) This claim also sounds in tort. *See Safeway*, 2016-NMSC-009, ¶ 26 (discussing how tortfeasor may seek contribution from fellow tortfeasor in cases where joint-and-several liability applies). Consequently, the contribution claim is likewise limited to the FTCA. *See Goodrich*, 701 F.2d at 130. Because the federal court's jurisdiction over Gervais's tort claims is exclusive, the state court never had jurisdiction over the tort claims. *See id.*

### 2. State courts did not have jurisdiction over contract claim against USPS or United States

Gervais nonetheless argues that this Court has subject matter jurisdiction because the state court had jurisdiction over his contract claim based on § 409(a). The United States Defendants assert that, pursuant to 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491, only the federal district courts or the United States Court of Federal Claims, not state courts, had jurisdiction over contract claims against the United States. As to Gervais's breach of contract claim against the USPS, the United States Defendants contend that, the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 7101-7109, granted the Court of Federal Claims exclusive jurisdiction over the contract claims against the USPS, notwithstanding the PRA's general grant of jurisdiction under § 409(a).

Turning first to the contract claim against the United States, the "United States Court of

Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded … upon any express or implied contract with the United States." 28 U.S.C. § 1491. For contract claims not exceeding $10,000, federal district courts have original jurisdiction, concurrent with the United States Court of Federal Claims. 28 U.S.C. § 1346(a)(2). Therefore, the Court of Federal Claims has exclusive jurisdiction over claims founded upon a contract for more than $10,000, while contract claims for less than $10,000 may be brought in either a federal district court or in the United States Claims Court. *See United States v. Hohri*, 482 U.S. 64, 66 n.1 (1987). The Claims Court's jurisdiction is "exclusive" to the extent Congress did not grant any other court authority to hear such claims. *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988).

Gervais did not distinguish between his claim against the United States and the USPS, arguing only that § 409(a) allowed for his contract claim against the USPS. By its terms, however, § 409(a) only pertains to the USPS. 39 U.S.C. § 409(a). He has thus not shown that the United States waived its sovereign immunity to permit his contract claim against the United States to be brought in state court.

As to Gervais's argument that § 409(a) waived immunity to sue the USPS in state court, a more "precisely drawn, detailed statute" may preempt more general remedies. *Brown v. General Services Admin.*, 425 U.S. 820, 834 (1976). For contract claims, "the CDA established a comprehensive framework for resolving contract disputes between executive branch agencies and government contractors." *Anselma Crossing, L.P. v. U.S. Postal Service*, 637 F.3d 238, 240 (3d Cir. 2011) (internal quotations omitted). A claim by a contractor against the federal government related to the contract must be submitted in writing to a designated contracting officer, who will then issue a written decision, which is final unless appealed. 41 U.S.C. § 7103(a)-(g). An aggrieved contractor "may appeal the decision to an agency board," *id.* § 7104(a), or "bring an action directly

on the claim in the United States Court of Federal Claims," *id.* § 7104(b)(1). The CDA in 2006 established a Postal Service Board of Contract Appeals, *id.* § 7105(d); *Anselma*, 637 F.3d at 243 n.7, which "has jurisdiction to decide any appeal from a decision of a contracting officer of the United States Postal Service or the Postal Regulatory Commission relative to a contract made by either agency," 41 U.S.C. § 7105(e)(1)(C). Decisions by an agency board are final unless appealed to the United States Court of Appeals for the Federal Circuit. *Id.* § 7107(a)(1). The CDA's purpose is to collect contract claims against the government in a consistent and expert forum. *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 401 (2d Cir. 2017) (citing *Anselma*, 637 F.3d at 246).

As relevant here, the CDA "applies to any express or implied contract … made by an executive agency for--(1) the procurement of property, other than real property in being…." 41 U.S.C. § 7102(a). To determine whether the CDA applies to the contract claim in this case, the first question is whether the USPS is an "executive agency" subject to the CDA. Relying on *Anselma*, the United States Defendants argue that USPS contracts are subject to the CDA, which "is a statutory bar to the jurisdiction granted to the federal district courts in § 409(a)." *Anselma*, 637 F.3d at 242. According to the Third Circuit, the PRA in § 410(a) permitted the USPS to adopt the CDA via its own regulations, which it did in 39 C.F.R. § 601.109. *See id.* at 244; 39 U.S.C. § 410(a) ("Except as provided by subsection (b) of this section, and except as otherwise provided in this title *or insofar as such laws remain in force as rules or regulations of the Postal Service*, no Federal law dealing with … Federal contracts … shall apply to the exercise of the powers of the Postal Service.") (italics added); 39 C.F.R. § 601.109 ("This section implements the Contract Disputes Act of 1978, as amended (41 U.S.C. 7101–7109)."). The *Anselma* court thus determined that the USPS is subject to the CDA and followed the reasoning of numerous other circuits in concluding that the CDA bars district court jurisdiction, despite the PRA's jurisdictional grant in

§ 409(a). *Id.* at 245-46 (relying on, *e.g.*, *Goodin v. U.S. Postal Inspection Serv.*, 444 F.3d 998 (8th Cir. 2006); *United States v. J & E Salvage Co.*, 55 F.3d 985, 988 (4th Cir. 1995); *Jackson v. U.S. Postal Serv.*, 799 F.2d 1018, 1022 (5th Cir. 1986), among other cases). The Second Circuit joined the majority of circuit courts on this question in holding that "the CDA grants the Court of Federal Claims exclusive jurisdiction over contract claims against the USPS." *Cohen*, 873 F.3d at 402. Plaintiff has not cited authority to indicate that the Tenth Circuit would not likewise follow the majority of circuits on this issue, so the Court will adhere to the reasoning of the *Anselma* and *Cohen* opinions.

Consequently, the Court must turn to the next issue of whether the lease at issue in this case is for "the procurement of property, other than real property in being." Numerous circuits have held that the "real property in being" exclusion refers to the procurement of existing interests, such as through the acquisition of pre-existing property interest though the power of eminent domain, but not to the government's contractual creation of new property. *Cohen*, 873 F.3d at 402 (citing *Forman v. United States*, 767 F.2d 875, 879 (Fed. Cir. 1985)). These courts thus held that "the CDA applies to leaseholds created by contracts with executive agencies." *Id.* (and cited cases). Once again, Plaintiff has provided no authority to the contrary. The breach of contract claim here arises from a lease between Gervais and the USPS. Applying the reasoning of *Cohen*, the contract claim arises out of a lease governed by the CDA, and thus, both the state district court and this federal court lacks subject matter jurisdiction over the contract claim against the USPS.

## IV.    CONCLUSION

Gervais's tort claims against the United States Defendants are subject to the FTCA for which jurisdiction is exclusive to the federal district court. His breach of contract claim against the United States cannot be brought in state court, and his contract claim against the USPS is subject

to the CDA, which grants exclusive jurisdiction to the Court of Federal Claims. Accordingly, the state court never had subject matter jurisdiction over any of the claims in the Third-Party Complaint. Under the doctrine of derivative jurisdiction, this Court acquired no jurisdiction upon removal and the Third-Party complaint must be dismissed for lack of jurisdiction. *See Lambert Run Coal*, 258 U.S. at 382.

**IT IS THEREFORE ORDERED** that the Third-Party Defendants' *Motion to Dismiss* (**ECF No. 5**) is **GRANTED**. The Court **dismisses without prejudice** the Third-Party Complaint and **remands** the remaining claims to the Eighth Judicial District Court, County of Colfax, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE

14